IsIDORE ROTHMAN et al., Individually and as Copartners Doing Business under the Name of BEAU JARDIN CIE, Respondents, *v.* BROADWAY-39TH STREET CORPORATION, Appellant.

First Department, November 2, 1945.

*Martin S. House* of counsel (*Adolph S. Ziegler* with him on the brief; *Glass & Lynch,* attorneys), for appellant.

*Lionel S. Popkin* of counsel (*Hess, Mela & Popkin,* attorneys), for respondents.

CALLAHAN, J.  This appeal involves a complaint in an action brought pursuant to section 9 of the Commercial and Business Space Rent Control Acts (see L. 1945, chs. 3, 314, 315), to abridge the term of a lease.  Plaintiffs have included in their complaint an allegation that the rent reserved in the lease undei attack was unjust, unreasonable and oppressive.  Defendant's motion to strike out this allegation having been denied at Special Term defendant appeals.

In view of the express provision of the statutes that the action to abridge shall lie " * * * provided that the tenant shall establish that such subsequent lease or rental agreement was, on the date of its execution, unjust, unreasonable and oppressive as to any of the terms and provisions thereof other than the rent reserved therein," we deem that the motion to strike should have been granted.

A reading of the statutes as a whole indicates that relief by way of abridgment of the term of a lease under section 9 was intended as an additional remedy to that by way of fixation of an " emergency " rent at a reasonable rate under section 4 of the acts. Apparently it was the legislative intent, in excluding the ground of excessiveness in rent in cases brought under section 9, to relieve the parties of the necessity of litigating the question of fair rental value in a suit brought for abridgment. As a plaintiff in such a suit is prevented from raising the issue of unreasonableness of rent, we see no purpose in alleging such fact and thus tendering an issue that may not be tried. This does not mean that a plaintiff in a case under section 9 may not plead the amount of rent fixed under the lease attacked. Such fact would be a relevant one, it being one of the terms of the lease before the court. Plaintiff in such a case may not, however, make a claim that the rent reserved was unjust, unreasonable or oppressive.

The order should be reversed, with $20 costs and disbursements, and the motion granted, with leave to plaintiffs to serve an amended complaint within ten days after service of order with notice of entry on payment of said costs.

MARTIN, P. J., and TOWNLEY, J., concur; GLENNON and WASSERVOGEL, JJ., dissent.

Order reversed, with $20 costs and disbursements to the appellant, and the motion granted, with leave to the plaintiffs to serve an amended complaint within ten days after service of order with notice of entry thereof on payment of said costs. Settle order on notice.